**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FRANKLIN DAVID WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1173 WDA 2018 |

Appeal from the PCRA Order Entered July 18, 2018
In the Court of Common Pleas of Warren County Criminal Division at
No(s):  CP-62-CR-0000265-2015,
CP-62-CR-0000266-2015, CP-62-CR-0000343-2015

BEFORE:  GANTMAN, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JULY 26, 2019**

Franklin David Williams appeals from the order denying his petition for relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. We affirm in part, reverse in part, and vacate Williams' designation as a sexually violent predator.

Williams entered three negotiated pleas in 2015 to three counts of aggravated indecent assault without consent.[1] The charges were based on indecent assaults that occurred in 2013, 2014, and 2015, in which Williams digitally penetrated girls aged 5, 7, and 8, one of whom was his granddaughter. The court sentenced Williams on February 26, 2016, after a hearing, to three consecutive aggravated sentences of 78 to 156 months' incarceration. The court also declared Williams to be a sexually violent

---

[1] **See** 18 Pa.C.S.A § 3125(a)(1).

predator ("SVP") and advised Williams that he was classified as a tier three sexual offender under the Sexual Offender Registration and Notification Act ("SORNA")[2] and would be subject to SORNA's registration requirements. Williams filed a motion for post-sentence relief on the basis that his sentence was excessive. The court denied relief, and Williams did not file a direct appeal.

On February 24, 2017, Williams filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition. The court held a hearing, at which Williams, Williams' trial counsel, and the detective who had investigated the underlying charges each testified. At the close of the hearing, the court dismissed the petition.

Williams appealed,[3] and presents the following issues:

1. The application of SVP status is Unconstitutional as an increase of punishment without finding beyond a reasonable doubt and SHOULD [sic] apply to [Williams'] case on Collateral Review.

2. SORNA is Unconstitutional, as previous sexual offender registration statutes, and should not be applied to [Williams].

---

[2] **See** 42 Pa.C.S.A. §§ 9799.10-9799.42.

[3] This Court issued a Rule to Show Cause directing Williams to explain why his appeal should not be quashed in light of Pa.R.A.P. 341 and **Commonwealth v. Walker**, 185 A.3d 969, 971 (Pa. 2018) (holding "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each of those cases"). Williams responded, explaining that although he styled the notice of appeal as a single document referencing the three docket numbers he sought to appeal, he filed a separate copy of the notice of appeal upon each of the trial court dockets. Our review of the record reflects that Williams filed a separate copy of the notice of appeal upon each trial court docket. As Williams effectively filed three notices of appeal rather than one, we are satisfied that he has complied with Rule 341 and **Walker**.

3. SORNA is discrimination against age and gender of [Williams].

4. Allowance of Appeal regarding the discretionary aspects of sentencing is requested as appeal issue presents a substantial question that imposition of his sentence violates the fundamental norms underlying the sentencing process. Sentence imposed is unreasonable, improper and malicious violating the fundamental norms of the sentencing process as [its] imposition discriminates against his age.

Williams' Br. at 2 (unpaginated).

"When reviewing the denial of a PCRA petition, this Court's standard of review is limited 'to whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error.'" **Commonwealth v. Hart**, 199 A.3d 475, 481 (Pa.Super. 2018) (quoting **Commonwealth v. Pew**, 189 A.3d 486, 488 (Pa.Super. 2018)).

Williams first challenges his designation as an SVP under SORNA. Williams argues "current precedent" has established that the SVP statute is unconstitutional because it allows a court to make an SVP determination without requiring the court to make that finding beyond a reasonable doubt. Williams' Br. at 11 (unpaginated).

In **Commonwealth v. Butler**, 173 A.3d 1212 (Pa.Super. 2017), *appeal granted*, 190 A.3d 581 (Pa. 2018), this Court held that the section of SORNA under which Williams' SVP determination was made[4] violated the federal and state constitutions because it increased a defendant's exposure to criminal

---

[4] 42 Pa.C.S.A. § 9799.24.

penalty[5] without requiring the fact-finder to make the SVP determination beyond a reasonable doubt. *Id.* at 1218.[6] We thus reversed the trial court's order declaring the defendant an SVP, and remanded for the trial court to issue new notice to the defendant regarding his registration requirements under SORNA. *Id.*

*Butler* was based on the United States Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013), in which the Court held that any fact that increases the penalty for a crime must be submitted to the jury and found beyond a reasonable doubt. Accordingly, this Court recently held that "a PCRA petitioner can obtain relief from an illegal sentence under *Butler*, if the petition is timely filed, as long as the relevant judgment of sentence became final after June 17, 2013, the date *Alleyne* was decided." *Commonwealth v. Adams-Smith*, ___ A.3d ____, 2019 WL 1997650, at *8 (Pa.Super. May 7, 2019) (emphasis omitted).

Williams was declared an SVP under an unconstitutional statute, his judgment of sentence became final after the date of the *Alleyne* decision, and he sought relief in a timely PCRA petition. We therefore reverse the PCRA

---

[5] *Butler* was decided in the wake of *Commonwealth v. Muniz*, 164 A.3d 1189, 1218 (Pa. 2017), *cert. denied sub nom. Pennsylvania v. Muniz*, 138 S. Ct. 925 (2018), which declared that SORNA's registration requirements are punitive in effect.

[6] The statute required the court to determine whether the Commonwealth proved the defendant is an SVP by clear and convincing evidence. 42 Pa.C.S.A. § 9799.24(e)(3).

court's denial of relief on this issue and vacate the order of the trial court designating Williams as an SVP. **Adams-Smith**, 2019 WL 1997650, at *9.[7]

In his second issue, Williams contends that SORNA as a whole is unconstitutional, arguing only that "[e]ach previous attempt at registration requirements through a sexual offender statute in Pennsylvania has been determined unconstitutional based on one aspect or another; specific wording, overly broad language, inappropriate burden." Williams' Br. at 12. Williams does not explain in what way SORNA violates the state or federal constitutions.

We find this argument wholly inadequate to merit our review, and consider it waived. **See Commonwealth v. Walter**, 966 A.2d 560, 566-67 (Pa. 2009) (holding claims waived by appellant's failure to develop them in appellate brief); **Commonwealth v. Thoeun Tha**, 64 A.3d 704, 713 (Pa.Super. 2013) (same).

Similarly, in his third issue, Williams baldly contends that SORNA is discriminatory against his age and gender. Williams presents no argument in support of this contention. Thus, it is waived. **Walter**, 966 A.2d at 566-67. Moreover, the PCRA court noted that the issue was not raised prior to Williams' reference to it in his Rule 1925(b) statement of errors complained of on appeal. The issue is therefore waived for that reason as well. **See** Pa.R.A.P.

---

[7] As Williams was notified of his registration requirements as a tier three sexual offender at the time of his sentencing, and as our disposition does not affect that classification, remand for new notice is unnecessary.

302(a) (issues not presented to the trial court may not be raised for the first time on appeal).

In his final issue, Williams argues that we should grant allowance of appeal over the discretionary aspects of his sentence. Williams again fails to provide any argument, thus waiving his issue. *Walter*, 966 A.2d at 566-67. Moreover, this issue is not cognizable under the PCRA. *See Commonwealth v. Fowler*, 930 A.2d 586, 593 (Pa.Super. 2007). Williams does not argue that his sentence is greater than the lawful maximum, or that his trial counsel was ineffective for failing to pursue a challenge to the discretionary aspects of his sentence on direct appeal. *See* 42 Pa.C.S.A. § 9543(a)(ii), (vii) (stating PCRA provides relief for claims of ineffective assistance of counsel or the imposition of sentence greater than lawful maximum). He has therefore failed to establish any collateral relief is due under this issue.

As Williams has raised only one issue meriting relief we affirm the remaining portions of the order of the PCRA court denying Williams relief on his other issues.

PCRA order affirmed in part and reversed in part; SVP status vacated. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  7/26/2019

- 6 -